Petition for Writ of Mandamus Denied and Memorandum Opinion filed May
13, 2004









Petition for Writ of Mandamus Denied and Memorandum
Opinion filed May 13, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00133-CV

____________

 

IN RE TRIBO PRODUCTION CO., LTD.,
RICHARD BOWMAN,

and ATASCA RESOURCES, INC., Relators

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

M E M O R A N D U M   O
P I N I O N








On February 17, 2004, relators filed a
petition for writ of mandamus in this Court. 
See Tex. Gov=t. Code Ann. ' 22.221 (Vernon Supp. 2004); see
also Tex. R. App. P. 52.  In their petition, relators seek to have this
Court compel the Honorable Brent Gamble, presiding judge of the 270th District
Court, to vacate his order of January 16, 2004, which granted the real party in
interest=s motion to compel arbitration.  Relators also requested that we stay the
trial court=s order pending resolution of this
petition.  On February 20, 2004, we
granted relators= motion and issued an order staying the trial court=s arbitration order dated January 16,
2004, in trial court cause number 2003-50564, styled Tribo Production Co.,
Ltd., Richard Bowman, and Atasca Resources, Inc. v. Smith Barney, a Division of
Citigroup Global Markets, Inc., until final decision on relator=s petition for writ of mandamus, or
until further order of this Court.

Mandamus is an extraordinary remedy, available only when a
trial court clearly abuses its discretion, either in resolving factual issues
or in determining legal principles, and there is no other adequate remedy by
appeal.  In re Kuntz, 124 S.W.3d
179, 180 (Tex. 2003) Walker v. Packer, 827 S.W.2d 833, 839‑40
(Tex. 1992).  In determining whether
there has been a clear abuse of discretion justifying mandamus relief, the
reviewing court must consider whether the trial court=s ruling was arbitrary, unreasonable,
or reached without reference to any guiding rules or principles, amounting to a
clear and prejudicial error of law.  Johnson
v. Fourth Court of Appeals, 700 S.W.2d 916, 917-18 (Tex. 1985).  When alleging that a trial court abused its
discretion in its resolution of factual issues, the party must show the trial
court could reasonably have reached only one decision.  Id. at 918.  As to the determination of legal principles,
an abuse of discretion occurs if the trial court clearly fails to analyze or
apply the law correctly.  Walker,
827 S.W.2d at 840.

We find the petition fails to make the requisite showing
entitling relators to mandamus relief.  See
Tex. R. App. P. 52.3.  Accordingly, we deny relators= petition for writ of mandamus.  This Court=s stay order issued February 20,
2004, is lifted.

 

PER CURIAM

 

 

Petition Denied
and Memorandum Opinion filed May 13, 2004.

Panel consists of
Chief Justice Hedges and Justices Frost and Guzman.